**ALLSTATE INSURANCE COMPANY,**
Appellant,

v.

**Lee DAVIS, Appellee.**

No. 4607.

Court of Civil Appeals of Texas.

Waco.

May 4, 1967.

Rehearing Denied May 25, 1967.

Bracewell & Patterson, Wm. Key Wilde, Ronald C. Kline, Houston, for appellant.

Zbranek & Friend, J. C. Zbranek, Liberty, for appellee.

OPINION

WILSON, Justice.

The one question in this workmen's compensation jury case is whether the exclusion

of a doctor's report in hospital records, under Art. 3737e, Vernon's Ann.Civ.Stat., is reversible error. In our opinion the objection to the report was erroneously sustained and we reverse.

Judgment was rendered for claimant on a jury verdict finding total and permanent incapacity, and good cause for failure to file claim within six months. The carrier's contention was that claimant did not sustain an accidental injury in the course of his employment, and any incapacity resulted from a pre-existing condition and prior injuries. The jury found claimant's incapacity was not solely due to some other injury or bodily condition, but that 20% of his incapacity was so due. The nature and extent of his asserted back injury and incapacity were issues on which the case was tried. Three medical doctors testified. Numerous X-rays on which conflicting interpretations were made were in evidence. The medical testimony as to results of examinations of claimant was conflicting on whether he had abnormal or objective symptoms. In short, as is typical in such cases, the medical aspects of the case were contested with intensity.

Claimant testified: "Q. Prior to the time that you got your back hurt on this event that you have told us about, was there anything bothering you about your back? Was your back hurting you, keeping you from working? A. No, sir." He testified the brace he was wearing was "the only brace I ever wore in my life," and the only time he had "ever had one on" was after the injury presently alleged. He denied he had previously been hit in the back with an ax.

Exclusion of the report developed as follows: Dr. Robey examined claimant two years before the trial at St. Elizabeth Hospital in consultation with another doctor. He was called as claimant's witness and testified on cross-examination that he did not keep independent records of examinations on consultation cases, but relied on hospital records; that he had dictated a report at the hospital; that he had no records of examination "other than the consultation report" in the hospital medical records, and a card which recorded that he made an examination.

The report in question was exhibited to Dr. Robey by appellant's counsel who asked whether it was "a copy of the consultation report that you made when you examined" claimant the first time. (It bore Dr. Robey's handwritten name). "A. I can't be absolutely sure. It was quite some time ago and it is difficult to be absolutely sure that is it. I say that for one reason, and the main reason is that that is not my signature." He had made an unsuccessful effort to find who had written his name on the report. He did not deny or repudiate the report; he did not suggest it was incorrect in any respect except that the name appearing on it was not his signature. The doctor with whom Dr. Robey consulted relied on and used the report.

Appellant then proved up the report, by testimony of the custodian of the hospital medical records, as having been made in the regular course of the business of the hospital. The custodian testified that the records were made by persons having personal knowledge of the matters recorded; that it was the usual course of the business that the record be so made by such persons; that the record was made shortly after the events recorded. Dr. Robey's testimony was that he "could not remember one way or the other" whether the report was correct, after two years had elapsed. There is no question presented that authentication of the report did not meet requirements of Art. 3737e, the Texas business records Act, or that the trial judge failed to find the essential elements.

Claimant objected to admission of the report solely because Dr. Robey had denied the report contained his signature. The trial judge sustained that objection, stating: "I do not think it would be an official record if it is not signed by the doctor,"

and "you can't get it in that way. The witness has said that is not his signature."

The excluded report recited that claimant had "no history of definite trauma to the back"; that "his past history is significant in the fact that the patient had a traumatic injury to the back and right kidney in 1942 with the back of an ax," and that "Since said period of time, the patient has been wearing a lumbo-sacral back brace with minimal complaints"; that he had "good erect posture", no muscle spasm, and "no localized tenderness or deformity"; that there was "no tenderness over the vertebrae, lumbo-sacral or lumbo-illiac region present;" that there was "no evidence of fracture or other pathology of the lumbar spine" except for "moderate degenerative arthorosis." The report gave no history of an injury such as is now claimed.

Much other testimony at the trial was inconsistent with these recitals. If the objection was erroneously sustained it is clear that the exclusion was not harmless error under Rule 434, Texas Rules of Civil Procedure.

There is no requirement in Art. 3737e that a record be signed by anyone. The statute provides that the memorandum or record shall be competent evidence if the judge finds the elements which were proved without dispute in this case. The sole objection to admissibility was that the report did not bear the signature of the physician.

Sec. 2 of Art. 3737e provides that "The identity and mode of preparation of the memorandum or record" in accordance with the first section may be proved by the testimony of the "entrant." But this method is not exclusive; it may also be proved by the testimony of the "custodian" even though the latter "may not have personal knowledge as to the various items or contents of such memorandum or record". Lack of personal knowledge "may be shown to affect the weight and credibility" of the record, "but shall not affect its admissibility." See Skillern & Sons, Inc. v. Rosen

(Tex.1962), 359 S.W.2d 298, 305; 32 C.J.S. Evidence § 728, p. 1043, notes 91.64–91.72.

In our opinion the record was not subject to the objection made, and it was erroneously sustained. Reversed and remanded.